GRACEY, JUDGE:
The claimant, Dr. Sharon M. Crowder, was employed by the Board of Regents in June of 1978 for the fiscal year 1978-1979, and subsequently for the fiscal years 1979-1980 and 1980-1981, each beginning on July 1 and ending on the following June 30. She was employed as a salaried Instructor in the Department of Prosthodontics of the School of Dentistry of West Virginia University. She was additionally paid for dental services she rendered to patients for the West Virginia University Dental Corporation, a separate entity.
In January of 1981, she was accepted as a student in the postgraduate program of the University of California at Los Angeles, to begin in the fall of 1981. She so advised Dr. Henry J. Bianco, Jr., chairman of the Department of Prosthodontics. According to her testimony, he requested that she submit-a letter of resignation so that her job position could be advertised for a new person to take her place. Under date of February 3, 1981, she submitted her letter of resignation to Dr. W. Robert Biddington, Dean of the School of Dentistry, in which she stated:
“My last working day will be June 26, 1981. Having accrued 43 days of vacation my date of termination will be August 27, 1981.”
Under date of March 3, 1981, Dr. Biddington’s letter to her stated:
“Under the terms of your contract, your termination *182 from the payroll will be June 30, 1981. Please contact our office to determine the number of accrued vacation days which must be taken prior to June 30, 1981.”
Dr. Crowder was similarly advised that her employment would be terminated June 30, 1981, and that her accrued vacation time must be taken as vacation prior to that date, by letters and memorandums sent to her by Dr. Bianco under dates of March 11 and March 23 and May 6, 1981, and by Charles E. Andrews, Vice President for Health Services, dated March 6 and March 12, 1981. In his letter of March 23, 1981, Dr. Bianco advised her:
“In my memorandum of March 11, 1981, you were asked to meet with me in order to arrange a leave schedule that would enable you to utilize all accrued vacation prior to June 30, 1981. Since such arrangements have not been made, I have scheduled you to take your vacation from May 8, 1981 through June 30, 1981. Consequently, you will not have assigned duties during this period. It is important to know that failure to comply with this schedule will result in the loss of accrued vacation days.”
Upon submitting her resignation, and throughout the remainder of that fiscal year and thereafter, Dr. Crowder has claimed that she was and is entitled to be paid for her accrued vacation days, in addition to her salary through June 26, 1981, the date chosen as her last working day in her letter of resignation. She claims salary for 43 accrued vacation days, retirement benefits on same, and an additional 30 days’ pay as liquidated damages, all in the total amount of $6,410.45 plus interest, attorney’s fees and costs.
Claimant substantially relies upon provisions as to vacation or leave as set out in a Faculty Handbook and an Employee Handbook and alleges that many employees previously terminated had been granted pay, for accrued vacation days, by being kept on the payroll into a following fiscal year.
The handbooks provide statements of policies and procedures with reference to many subjects. With reference to vacation and leave time, a formula is provided, and it is therein stated that “An employee is entitled to accumulated leave at termination of services,” and “Annual leave is arranged to fit operating schedules with consideration given to an employee’s request.”
During the fiscal year 1980-1981, the Governor had imposed a budgetary reduction on State agencies. The School of Dentistry deem *183 ed itself in a bind and felt that it could not pay two employees occupying one Instructor position, in the early months of fiscal year 1981-1982, one on terminal leave and the other in service. To have delayed, until August 27, 1981, the hiring of a replacement for Dr. Crowder, would have interfered with operations. The Court is of the opinion that nothing shown in the facts or law of this case required it to do so. It was discretionary, depending on whether the employee’s actual on-the-job services were needed at times when a vacation might otherwise have been taken. The contract, so far as compensation is concerned, was for one year plus earned vacation days not used. Dr. Crowder was given her earned vacation days and full compensation for the contract year, “. . . at the total salary of $23,460.00 payable in 12 monthly installments.”
Claim disallowed.